Zachary C. Frampton (SBN 303225)
zframpton@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:   213.457.8000
Facsimile:   213.457.8080

Attorneys for Defendant
Synchrony Bank

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ASHLEY GRAHAM,<br><br>             Plaintiff,<br><br>    vs.<br><br>AT&T SERVICES; CAPITAL ONE; BEST BUY; FIRST PREMIER BANK; MACYS INC.; CLARITY SERVICES, INC.; CREDIT ONE BANK; ONE ROAD LENDING; CROSS RIVER BANK; AMERICAN FIRST FINANCE; BARCLAYS BANK DELAWARE; SYNCHRONY BANK; ELEVATE LENDING STREET; AND DOES 1-10, INCLUSIVE,<br><br>             Defendants. | Case No.: 5:16-cv-00528-ODW-KK<br><br>**DEFENDANT SYNCHRONY BANK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT PURSUANT TO FED. R. CIV. P. 6(b)(1)(B)**<br><br>Date:          June 6, 2016<br>Time:         1:30 p.m.<br>Place:        Courtroom 11<br><br>Complaint Filed:  March 23, 2016<br>Trial Date:        None Set<br><br>**Honorable Otis D. Wright, II**<br><br>*[Filed concurrently with Notice of Motion and Proposed Order]* |

Defendant Synchrony Bank ("Synchrony"), pursuant to Fed. R. Civ. P. 6(b)(1)(B), hereby moves the Court for an order extending Synchrony's time to respond to the Complaint of Plaintiff Ashley Graham ("Plaintiff") through, and including, April 21, 2016.  Rule 6(b)(1)(B) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  "In evaluating whether neglect is excusable, a district court must consider the four factors established by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993): '(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.'" *Winters v. Jordan*, No. 2:09-CV-00522 JAM, 2012 WL 360194, at *3 (E.D. Cal. Feb. 2, 2012), *report and recommendation adopted*, No. CIV-S-09-0522-JAM, 2012 WL 787043 (E.D. Cal. Mar. 9, 2012).

Here, the *Pioneer* factors weigh in favor of permitting the extension.  Counsel for Synchrony ("Counsel") made a good-faith mistake regarding the date of service. The complaint was transmitted from Synchrony's agent for service of process, CT Corporation, in Los Angeles, California, to an address for Synchrony in Draper, Utah. Counsel misunderstood the service document to mean that service was completed on the date it was received in Draper, Utah, rather than at CT Corporation's Los Angeles, California address.  Based on this misunderstanding, Counsel thought that a response to the complaint was due on April 21, 2016.  It appears the Complaint was actually due on April 18, 2016.  On April 14, 2016, Counsel requested information from Plaintiff about the time and place of service, but Plaintiff declined to offer the requested information.

– 1 –

1  On April 21, 2016, Synchrony filed a Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss"), believing this to be the proper response date.  Doc. No. 16.  There was therefore no prejudice to Plaintiff, as Synchrony's Motion to Dismiss was filed only three days after the response deadline.  Nonetheless, Plaintiff subsequently filed a Request for the Clerk to enter default against Synchrony.  Doc. No. 22.  Because Synchrony's Motion to Dismiss was on file, the Clerk declined to enter default.  Doc. No. 23.

On April 22, 2016, Counsel requested that Plaintiff stipulate to an extension of the responsive pleading deadline in order to avoid expending judicial resources to hear this motion.  As of the time of this filing, Plaintiff has not responded.

The interests of justice will be served by granting Synchrony's motion for an extension.

For all these reasons, Synchrony respectfully requests that this Court issue an order extending Synchrony's time to respond to the Complaint through, and including, April 21, 2016, the date on which Synchrony filed its Motion to Dismiss and thereby deem the Motion to Dismiss timely filed.

DATED: April 22, 2016

REED SMITH LLP

By: /s/ Zachary C. Frampton
Zachary C. Frampton
Attorneys for Defendant
Synchrony Bank

– 2 –
DEFENDANT SYNCHRONY BANK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)