**O**

# United States District Court
# Central District of California

ASHLEY GRAHAM,

            Plaintiff,

    v.

AT&T SERVICES, *et al.*

            Defendants.

Case № 5:16-cv-00528-ODW(KKx)

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND [90] AND DENYING AS MOOT ALL OTHER OUTSTANDING MOTIONS [16, 33, 56, 62, 68, 85]**

On June 24, 2016, Plaintiff Ashley Graham moved for leave to file a First Amended Complaint.  (ECF No. 90.)  On July 1, 2016, all Defendants that have appeared in the action filed a stipulation agreeing to Plaintiff filing her proposed First Amended Complaint.  (ECF No. 93.)  As a result, the Court **GRANTS** Plaintiff's Motion for Leave to Amend, and further orders as follows:

    1.    Plaintiff shall file her First Amended Complaint as a stand-alone document within **21 days of this Order**, C.D. Cal. L.R. 15-1;

    2.    All Defendants shall respond to the First Amended Complaint within **14 days thereafter**, Fed. R. Civ. P. 21(a)(3); and

    3.    Defendants' prior answers and/or pre-answer motions shall **not** be deemed responsive to Plaintiff's First Amended Complaint.

    Moreover, currently pending before the Court are six motions that attack either

the original Complaint or the responsive pleadings and motions thereto.  (ECF Nos. 16, 33, 56, 62, 68, 85.)  Because the Complaint and all responsive pleadings will be superseded, the Court **DENIES AS MOOT** and without prejudice all outstanding Motions.  *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

Finally, it appears that Defendants are consistently either not properly serving their documents on Plaintiff or are otherwise failing to file proper proofs of service with the Court.  This has caused Plaintiff to move to strike the offending document on more than one occasion, which has consumed significant judicial resources for the Court to consider and adjudicate.  This is an easily curable procedural deficiency. Going forward, every Defendant should ensure that they properly serve Plaintiff (and all other parties) with the documents that they file, and ensure that they file proofs of service that conform with Rule 5 and the Local Rules.  Similarly, rather that simply moving to strike the offending document in an attempt to gain a litigation advantage, Plaintiff should **meaningfully** meet and confer with defendants and attempt to reach a solution that cures any prejudice caused by any such future deficiencies.[1]

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The Court notes that Plaintiff's Motion does not indicate that she met and conferred with Defendant's counsel prior to the filing of this Motion, as required under Local Rule 7-3.

The Court cautions the parties that any further failures to comply with Rule 5 and the Local Rules regarding the service of papers and the filing of proper proofs of service may result in the Court striking the offending document *sua sponte*.[2] Similarly, any further failures to comply with Local Rule 7-3 before the filing of a motion may result in the Court summarily granting or denying the Motion.  *See Singer v. Live Nation Worldwide, Inc.*, No. SACV 11-0427 DOC, 2012 WL 123146, at *2 (C.D. Cal. Jan. 13, 2012).

**IT IS SO ORDERED.**

July 12, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[2] The parties should *not* interpret this as an invitation to file further motions based on such deficiencies.